IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                     No. CR 03-2274 JB

JOHN GOULD and
VIOLET GOULD,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Violet Gould's Motion to Dismiss or In the Alternative for a Bill of Particulars, filed March 2, 2007 (Doc. 246)("Motion").  The Court held a hearing on the motion on March 8, 2007.  The primary issue is whether the Court should dismiss Count V of the Second Superceding Indictment against Defendant Violet Gould ("Ms. Gould") or, in the alternative, order that the United States provide a bill of particulars, because Count V does not adequately inform her of the particular allegations against which she must defend at trial.  Because the Court believes that Count V of the Second Superceding Indictment provides adequate notice to her of the allegations against which she must defend, the Court will deny the motion.

## PROCEDURAL BACKGROUND

On August 25, 2004, the grand jury returned the Second Superceding Indictment, charging Ms. Gould with violating 18 U.S.C. § 1512(b)(3).  See Second Superceding Indictment, filed August 25, 2004 (Doc. 91)("Indictment").  Count V of the Second Superseding Indictment alleges that, on or about April 14, 2004, in violation of § 1512(b)(3), Ms. Gould

      did knowingly engage in misleading conduct toward other persons with intent to

> hinder, delay or prevent the communication to a federal law enforcement officer or federal judge of information relating to the commission or possible commission of a federal offense, to wit:
>
> The defendant made false statements to the New Mexico State Police concerning the March 22, 2004, use of force against James Barber by John Gould, and concerning the medical treatment provided to James Barber following the use of force. Defendant made these false statements with intent thereby to hinder, delay or prevent the communication of information to any federal law enforcement officer or federal judge about the unjustified use of force against James Barber and the medical treatment provided to James Barber following the unjustified use of force.

Indictment at 4-5. This is the sole charge involving Ms. Gould that is included in the Second Superceding Indictment. See Indictment.

Ms. Gould has had access for several years to numerous discovery materials, including the transcript of the Grand Jury proceeding that led to the issuance of the Second Superceding Indictment, and Brady and Jencks materials. See Motion at 6-8.

On February 2, 2007, Ms. Gould filed her motion to dismiss, or, in the alternative, for a bill of particulars. See id. Ms. Gould contends that Count V's language is too ambiguous to adequately inform her of the particular allegations against which she must defend. See id. at 3-6. Specifically, Ms. Gould states that the following phrases are unclear: (i) "knowingly engage in misleading conduct;" (ii) "other persons;" (iii) "with intent to hinder, delay or prevent;" and (iv) "the commission or possible commission of a federal offense." Id. Ms. Gould also asserts that it is imperative to her defense to know whether Count V is based on statements made in addition to the following assertions:

1. [Ms. Gould] "reported that the reason that John [Gould] shot the FN303 was because there was not enough detention officers present to do a cell extraction." Grand Jury transcript at 48.

2. [Ms. Gould] "told the New Mexico State Police, . . . 'I'm not familiar with the

>   weapons they use.'" Id.
>
> 3.  [Ms. Gould] "told the New Mexico State Police that John Gould was trained in the FN303, but not in cell extractions." Id. at 49.
>
> 4.  [Ms. Gould] "told the New Mexico State [Police] that John [Gould] gave clear commands for Mr. Barber to get down before and after he fired the FN303. . . ." Id.
>
> 5.  [Ms. Gould] "told the New Mexico State Police that she cleaned Mr. Barber's bleeding wound on his thigh and an open wound on Mr. Barber's wrist with gauze the night of the incident before she went home." Id. at 49-50.
>
> 6.  [Ms. Gould] "told New Mexico State Police about the phone call she had with Rick Lucero. Rick Lucero called her that evening after she and John went home, and she told the New Mexico State Police, 'Rick Lucero did call one time during the night. He said that he was still complaining that he was hit in the testicle. I asked him, is his testicle swollen? He – meaning Rick Lucero – said, no, everything looks fine. There's no swelling. There's no bleeding.'" Id. at 50-51.

Motion at 6-7.

At the hearing on this motion, the United States confirmed that its case was based on the six statements that Ms. Gould has identified. Hearing Transcript at 36:4-37:8 (Blumberg)(taken March 8, 2007).[1] The United States also stated that these statements, which are contained in the sixty-page transcript of her conversation with the New Mexico State Police, and the overall "gist" of that conversation, which it characterized as misleading and deceptive, were the sole basis for the criminal charges against Ms. Gould. See id. The United States confirmed a number of times during the hearing that the contents of that one transcript contained the entire basis for its criminal charges against Ms. Gould. See id.

Ms. Gould conceded that, to the extent that either party was relying on evidence outside of

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

the four corners of the indictment, it would be inappropriate for the Court to dismiss the indictment. See id. at 46:8-47:5 (Davidson). She also concluded that her argument, in some respects, depended on how the evidence played out at trial. See id. Accordingly, Ms. Gould agreed that her motion was, in effect, a motion for a bill of particulars. See id.

### LAW REGARDING MOTIONS TO DISMISS

Rule 12(b)(2) of the Federal Rules of Criminal Procedure allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). "Where a defendant challenges the sufficiency of an indictment for failure to state an offense, a court generally is bound by the factual allegations contained within the four corners of the indictment." United States v. Welch, 327 F.3d 1081, 1090 (10th Cir. 2003). "Courts should refrain from considering evidence outside the indictment when testing its legal sufficiency." United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994).

The United States Court of Appeals for the Tenth Circuit has upheld, however, a district court's dismissal of charges at the pretrial stage based on evidence beyond the four corners of the indictment. See United States v. Brown, 925 F.2d 1301, 1304 (10th Cir. 1991); United States v. Wood, 6 F.3d 692, 695 (10th Cir. 1993). The Tenth Circuit explained these cases in United States v. Hall, stating:

> [W]e read Brown and Wood as authority which allows a district court to dismiss charges at the pretrial stage under the limited circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case. Under this scenario, a pretrial dismissal is essentially a determination, that as a matter of law, the government is incapable of proving its case beyond a reasonable doubt. We note, however, that such a scenario is not likely to recur and we caution both the trial courts and counsel that the procedure here employed is indeed the rare exception.

United States v. Hall, 20 F.3d at 1088.

## LAW REGARDING BILLS OF PARTICULARS

Rule 7(c) of the Federal Rules of Criminal Procedure states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). The indictment must sufficiently apprise the defendant of what he must be prepared to meet. See Cochran v. United States, 157 U.S. 286, 290 (1895). The court should consider the entire document in determining whether the indictment is sufficient. See United States v. Mobile Materials, Inc., 871 F.2d 902, 906-07 (10th Cir. 1989).

An indictment also must allow the defendant to plead a former acquittal or conviction as a defense to subsequent proceedings against him for the same or similar acts. See Russell v. United States, 369 U.S. 749, 763-64 (1962); United States v. Lepanto, 817 F.2d 1463, 1465 (10th Cir. 1987). Thus, an indictment is sufficient when it contains the offense's elements and apprises the defendant of the charges he must meet so that a judgment returned on the indictment will protect him against double jeopardy. See United States v. Bedonie, 913 F.2d 782, 790 (10th Cir. 1990); United States v. Mobile Materials, Inc., 871 F.2d at 906.

The specificity requirements ensure that a defendant: "(1) should be called to answer charges actually brought by the Grand Jury and not a prosecutor's interpretation of those charges; (2) be apprised of the charge against him in order to permit preparation of a defense; and (3) be protected against double jeopardy." United States v. Haas, 583 F.2d 216, 219 (5th Cir. 1978).

A bill of particulars is "not a discovery device but may serve to 'amplif[y] the indictment by providing additional information.'" United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988)(quoting United States v. Johnson, 575 F.2d 1347, 1356 (5th Cir.1978)). A defendant,

however, is "not entitled to all of the evidence the government intends to produce, but only the theory of the government's case." Id. at 1030. In United States v. Dunn, the Tenth Circuit explained: "[If an] indictment . . . tracks the statutory language, that fact alone will not defeat it." Id. at 1029. Instead, "[s]ufficiency is determined by practical rather than technical considerations." Id. The Tenth Circuit then noted that the indictment quoted the statutory language under which the defendant was charged, and "included the dates of the illegal activity, the place, and the specific controlled substance." Id. The Tenth Circuit concluded: "An indictment need not go further and allege in detail the factual proof that will be relied upon to support the charges." Id. (quotations omitted).

The granting of a bill of particulars is left to the discretion of the trial court. See United States v. Wright, 826 F.2d 938, 942 (10th Cir. 1987). Absent a showing of prejudice, a court's denial of a request for a bill of particulars is not error. See id. (citing United States v. Crim, 527 F.2d 289, 293 (10th Cir. 1975). "This is so even where denial might be construed as an abuse of discretion." United States v. Wright, 826 F.2d at 942.

## ANALYSIS

To the extent that Ms. Gould is relying upon arguments about what the evidence will be at trial, she is going beyond the four corners of the indictment. The United States has not agreed to treat this motion as, in effect, a motion for summary judgment, and the Court therefore should not treat the motion as such. Indeed, Ms. Gould conceded that she is effectively seeking a bill of particulars. See Transcript at 46:8-47:5 (Davidson).

Contrary to Ms. Gould's assertions, the Court finds that Count V of the Second Superceding Indictment is sufficient to apprise her of the essential elements of the crime charged, and to inform her of the charge against which she must prepare a defense. Count V cites the statute that Ms. Gould

is alleged to have violated, tracks the statutory language of that statute, provides a description of the way in which Ms. Gould violated that statute, and includes the date on and the location where the violation allegedly took place. See Indictment at 4-5; 18 U.S.C. § 1512(b)(3). The Court thus concludes that Count V adequately provides the elements of the alleged offense and apprises Ms. Gould of the charges she must meet. See United States v. Dunn, 841 F.2d at 1029 (finding that an indictment gave the defendant adequate notice of the allegations against which defense was required where the indictment quoted the relevant statutory language, and included the date, place, and subject matter of the alleged offense).

That Ms. Gould has identified six statements that may relate to the allegations contained in Count V strengthens that conclusion. Moreover, the Court notes that Ms. Gould has filed several motions in the case thus far, so any lack of detail in Count V has not hampered her defense. Indeed, the Court learned about the six statements at issue in this case from reading Ms. Gould's motion in limine. Further, the Court notes that Ms. Gould has had access, for some time, to discovery materials, including Grand Jury, Brady, and Jencks materials, with which to inform herself of the circumstances and conduct underlying the allegations against her contained in Count V.

Ms. Gould need only scrutinize one sixty-page document to know the basis of the criminal charge against her and the parties have already identified the six material statements therein. The court does not believe ordering a bill of particulars would give Ms. Gould any information she does not already have.

The Court believes that all involved in this case understand what crime is alleged in Count V. Because Count V of the Second Superceding Indictment contains all of the essential elements and apprises Ms. Gould of the charge she must meet, and because the Tenth Circuit has cautioned against

the use of a bill of particulars as a discovery device, the Court will deny the motion. See <u>United States v. Dunn</u>, 841 F.2d at 1029 ("An indictment need not go further and allege in detail the factual proof that will be relied upon to support the charges.")

**IT IS ORDERED** that Defendant Violet Gould's Motion to Dismiss or In the Alternative for a Bill of Particulars is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Larry Gomez
  Acting United States Attorney
J. Miles Hanisee
  Assistant United States Attorney
Albuquerque, New Mexico

-- and --

Mark Blumberg
J. Evans Rice III
  Trial Attorneys
Civil Rights Division, Criminal Section
United States Department of Justice
Washington, D.C.

*Attorneys for the Plaintiff*

Steven Aarons
Santa Fe, New Mexico

*Attorney for Defendant John Gould*

Michael V. Davis
Albuquerque, New Mexico

-- and --

Scott M. Davidson
Albuquerque, New Mexico

    *Attorneys for Defendant Violet Gould*