# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                                             No. CR 03-2274 JB

JOHN GOULD and
VIOLET GOULD,

       Defendants.

## MEMORANDUM OPINION AND ORDER

       **THIS MATTER** comes before the Court on Defendant John Gould's Motion to Exclude Statements from Co-Defendant, filed March 12, 2007 (Doc. 257)("Motion"). The primary issues are: (i) whether the Court should exclude a sixty-three page statement that co-Defendant Violet Gould gave to a law enforcement officer during the investigation of the alleged incident involving James Barber; (ii) whether the Court should exclude Ms. Gould's statement to inmate Eric Wallen that Barber "is going to get what you got last night;" and (iii) whether the Court should exclude other, as yet to be identified, statements of Ms. Gould and third persons not subject to cross-examination. Because the Court finds that Ms. Gould's sixty-three page statement can be redacted in such a manner so as to make it admissible for use against Mr. Gould, the Court will not exclude the statement in its entirety so long as the United States complies with the conditions stated herein. Because the Court concludes that Ms. Gould's statement to Wallen is not irrelevant, not unduly prejudicial, and, from the information the Court has been provided, does not appear to implicate Mr. Gould, the Court will not exclude that statement at this time. Finally, because the Court believes that it is not appropriate to exclude wholly unidentified statements, the Court will not, at this time, exclude

other statements attributable to Ms. Gould and third persons not subject to cross-examination.

## PROCEDURAL BACKGROUND

On August 25, 2004, the grand jury returned the Second Superceding Indictment. The Second Superceding Indictment charges Mr. Gould with two counts of Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242, and two counts of Witness Tampering, in violation of 18 U.S.C. § 1512(b)(3), stemming from alleged incidents involving inmates at the Dona Ana County Detention Center ("DACDC") in Las Cruces, New Mexico and the Cibola County Detention Center ("CCDC"), in Grants, New Mexico. See Second Superceding Indictment at 1-4, filed August 25, 2004 (Doc. 91). The Second Superceding Indictment also charges Ms. Gould with one count of Witness Tampering, in contravention of 18 U.S.C. § 1512(b)(3), stemming from her alleged conduct at the CCDC. See id. at 4-5.

On March 12, 2007, Mr. Gould filed his motion to exclude co-Defendant's statements. Citing his constitutional right to confront and cross-examine witnesses, Mr. Gould objects to:

> [i] an approximately 60 page statement Violet gave to the police during the investigation of the Barber incident[,][ii] an aside she allegedly made to inmate Wallen at the jail that Barber "is going to get what you got last night . . . [,][iii] other statements attributed to Violet Gould and [iv] statements attributed to third persons not subject to cross-examination.

Motion at 1.

### LAW REGARDING CO-DEFENDANTS' STATEMENTS AND THE CONFRONTATION CLAUSE

**A.  CO-DEFENDANTS' STATEMENTS, THE CONFRONTATION CLAUSE, AND REDACTION.**

"[A] defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial,

-2-

even if the jury is instructed to consider that confession only against the codefendant." Richardson v. Marsh, 481 U.S. 200, 201-02 (1987)(citing Bruton v. United States, 391 U.S. 123 (1968)). A co-defendant's statement may nonetheless be introduced at trial if "the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence," so long as the court also gives "a proper limiting instruction." Id. at 211. See Spears v. Mullin, 343 F.3d 1215, 1230 (10th Cir. 2003)("'Richardson allows a court, despite the Confrontation Clause, to admit the confession of a non-testifying co-defendant [that does not expressly implicate the defendant]. The confession must be (i) redacted to eliminate any reference to the non-confessing defendant, and (ii) accompanied by an appropriate limiting instruction that the confession is to be considered only against the confessor.'")(quoting Fowler v. Ward, 200 F.3d 1302, 1307 (10th Cir.2000)). As the Supreme Court of the United States clarified in Gray v. Maryland, 523 U.S. 185 (1998), however, "[r]edactions that simply replace a name with an obvious blank space or a word such as 'deleted' or a symbol or other similarly obvious indications of alteration, however, leave statements that, considered as a class, so closely resemble Bruton's unredacted statements that, in our view, the law must require the same result." Id. at 192.

While the Supreme Court has declined to express an opinion "on the admissibility of a confession in which the defendant's name has been replaced with a symbol or neutral pronoun," id. at 211 n.5, the United States Court of Appeals for the Tenth Circuit has held that, "where a defendant's name is replaced with a neutral pronoun or phrase there is no [Confrontation Clause] violation, provid[ed] that the incrimination of the defendant is only by reference to evidence other than the redacted statement and a limiting instruction is given to the jury." United States v. Verduzco-Martinez, 186 F.3d 1208, 1214 (10th Cir. 1999). Such a course is proper unless "it is

-3-

obvious from consideration of the confession as a whole that the redacted term was a reference to the defendant." Id. at 1214. Explaining why the use of neutral pronouns in place of references to a defendant are constitutionally valid, the Tenth Circuit noted that "[r]eferring to joint activity by use of the pronouns we and they, or by use of indefinite words such as someone, does not draw attention to the redaction and thus, in most situations, will not be incriminating unless linked to a codefendant by other trial evidence." Id. (internal quotations omitted)(citing United States v. Edwards, 159 F.3d 1117, 1126 (8th Cir. 1998)).

### B.      CRAWFORD V. WASHINGTON AND THE CONFRONTATION CLAUSE.

The Confrontation Clause of the Sixth Amendment provides that "[i]n all prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const., amend. VI. In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court stated that "the Framers would not have allowed admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Id. at 53. The Crawford Court held that "where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." Id. at 68-69. The Supreme Court did not specifically define the term "testimonial statement," but referenced, as examples, affidavits, statements made to law enforcement in the course of interrogations, depositions, and prior testimony that the defendant was unable to cross-examine. See id. at 51-52. In Crawford v. Washington, the Supreme Court also explained, however, that the Confrontation Clause does not prohibit admission of a statement so long as the declarant appears for cross-examination, and that the Clause does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted. See id. at 59 n.9.

In <u>United States v. Summers</u>, 414 F.3d 1287 (2005), the Tenth Circuit expanded upon the Supreme Court's treatment of the term "testimonial statement" by articulating an objective test for determining which statements are "testimonial." The Tenth Circuit ruled that "a statement is testimonial if a reasonable person in the position of the declarant would objectively foresee that his statement might be used in the investigation or prosecution of a crime." <u>Id.</u> at 1302 (citing <u>United States v. Cromer</u>, 389 F.3d 662, 675 (6th Cir. 2004)).

In <u>Davis v. Washington</u>, 126 S. Ct. 2266 (2006), the Supreme Court addressed which statements to law enforcement officers qualify as testimonial statements and which do not. The Supreme Court ruled:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

<u>See</u> <u>id.</u> at 2268-69. The <u>Davis</u> Court's ruling augments, but does not displace, the Tenth Circuit's objective test. The test articulated in <u>United States v. Summers</u> remains a valid means of determining which statements are testimonial.

If a limiting instruction is given to the jury, a properly redacted statement of a co-defendant, one that satisfies <u>Bruton v. United States</u>, does not raise a Confrontation Clause issue pursuant to <u>Crawford v. Washington</u>, because such a statement is not offered against the defendant. As the United States Court of Appeals for the Second Circuit stated in <u>United States v. Harris</u>, 167 Fed. Appx. 856 (2d Cir. 2006):

> Nor does the redacted statement raise a Crawford problem . . . for the simple reason that [the co-defendant's] statement was not offered against [the defendant], but only against [the co-defendant]. The jury was explicitly instructed as to this limitation, and we assumed it followed that instruction. Accordingly, we reject [the defendant's] Crawford challenge.

United States v. Harris, 167 Fed. Appx. at 859.

## **ANALYSIS**

The Court has viewed the sixty-three page statement of Ms. Gould and believes that it can be redacted, using neutral pronouns and phrases in place of obvious references to Mr. Gould, in a manner that satisfies the Confrontation Clause concerns expressed in Bruton v. United States, Richardson v. Marsh, and United States v. Verduzco-Martinez. Few of the statements in Ms. Gould's sixty-three page statement identify Mr. Gould by name or title; most refer to Mr. Gould as "he" or "him. As such, the Court concludes that it would not be difficult or particularly time consuming to redact the sixty-three page statement in accordance with Bruton v. United States, Richardson v. Marsh, see id. at 211 (stating that a co-defendant's statement may be introduced at trial if "the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence," and the court gives "a proper limiting instruction"), and United States v. Verduzco-Martinez, see id. at 1214 ("[W]here a defendant's name is replaced with a neutral pronoun or phrase there is no [Confrontation Clause] violation, provid[ed] that the incrimination of the defendant is only by reference to evidence other than the redacted statement and a limiting instruction is given to the jury.").

With respect to the rule regarding the Confrontation Clause articulated in Crawford v. Washington, the Court finds that Ms. Gould's sixty-three page statement is a testimonial statement. Ms. Gould provided her statement to a law enforcement officer investigating an alleged incident at

the Cibola County Detention Center.  See Crawford v. Washington, 541 U.S. at 52 ("Statements taken by police officers in the course of interrogations are . . . testimonial under even a narrow standard."); United States v. Summers, 414 F.3d at 1302 ("[A] statement is testimonial if a reasonable person in the position of the declarant would objectively foresee that his statement might be used in the investigation or prosecution of a crime.").  The Court concludes that the Supreme Court's Confrontation Clause ruling in Crawford v. Washington does not raise a separate bar to introduction this case, however, because, if introduced, the sixty-three page statement would be redacted, the statement would be introduced against Ms. Gould and not Mr. Gould, and the Court would provide a limiting instruction to that effect.

Considering the above, the Court will not exclude Ms. Gould's sixty-three page statement in its entirety.  The Court will instead condition its introduction on appropriate redaction and the issuance of a limiting instruction.

With regard to Ms. Gould's statement to Wallen, the Court finds, contrary to Mr. Gould's position, that Ms. Gould's statement to Wallen is not testimonial.  Mr. Gould has not given the Court any reason to believe that a reasonable person in Ms. Gould's position would have foreseen that a passing statement to an inmate might be used in the investigation or prosecution of a crime.  See United States v. Summers, 414 F.3d at 1032 (providing a test for determining which statements are testimonial).  Because Ms. Gould's statement to Wallen is not testimonial, it does not raise a Crawford v. Washington issue.

The Court also finds that, while Ms. Gould's statement to Wallen -- as a statement of a non-testifying co-Defendant -- may appear to raise Confrontation Clause issues pursuant to Bruton v. United States and Richardson v. Marsh, the statement's introduction would not deprive Mr. Gould

-7-

of his rights under the Sixth Amendment, because the statement does not expressly implicate Mr. Gould. The Court bases this conclusion on the Tenth Circuit's holding in Spears v. Mullin that "Richardson allows a court, despite the Confrontation Clause, to admit the [statement] of a non-testifying co-defendant [that does not expressly implicate the defendant]." Spears v. Mullin, 343 F.3d at 1230-31. For the statement to be properly admitted, it must be: "(i) redacted to eliminate any reference to the [] defendant, and (ii) accompanied by an appropriate limiting instruction that the [statement] is to be considered only against the [non-testifying co-defendant.]" Id.

The Court further finds that it is not in a position to rule that Ms. Gould's statement to Wallen is subject to exclusion because it is irrelevant under rule 401 of the Federal Rules of Evidence. Even though the United States represents that the statement would be introduced against Ms. Gould to show her knowledge about what was going on at the facility and the weapons used at the facility, and to demonstrate that she was contemplating her course of action before Barber allegedly threatened suicide, see Hearing Transcript at 7:19-23 (Rice)(taken March 21, 2007), id at 12:19-25, the Court will need to make the ultimate relevancy determination at trial when it has a better understanding of the context in which the statement would be introduced. Similarly, the Court will not preclude, pre-trial, the statement's introduction as unduly prejudicial pursuant to rule 403 of the Federal Rules of Evidence. See United States v. Tan, 254 F.3d 1204, 1211 (10th Cir. 2001)(holding that "exclusion of evidence under rule 403 . . . is an extraordinary remedy and should be used sparingly."). Further, the Court notes that, with the information before it, the statement could be relevant and does not appear to be overly or unfairly prejudicial to Mr. Gould. See Sec. & Exch. Comm'n v. Peters, 978 F.2d 1162, 1171 (10th Cir. 1992)(stating that, in performing the balancing test under rule 403, a court must "give the evidence its maximum reasonable probative force and its minimum reasonable

prejudicial value.").

With respect to Mr. Gould's request for the exclusion of other statements attributable to Ms. Gould and third persons not subject to cross-examination, because the Court believes that it is not appropriate to exclude unidentified statements without context, the Court will not, at this time, exclude such statements. When the Court is informed what those statement are, it will make an admissibility determination based on Bruton v. United States, Crawford v. Washington, and rule 401.

**IT IS ORDERED** that Defendant John Gould's Motion to Exclude Statements from Co-Defendant is granted in part and denied in part. Ms. Gould's sixty-three page statement may be introduced subject to the conditions stated herein, and Ms. Gould's statement to Wallen and other, as yet unidentified, statements attributable to Ms. Gould and to third parties not subject to cross-examination are not excluded from introduction at this time.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Larry Gomez
  Acting United States Attorney
J. Miles Hanisee
  Assistant United States Attorney
Albuquerque, New Mexico

-- and --

Mark Blumberg
J. Evans Rice III
  Trial Attorneys
Civil Rights Division, Criminal Section
United States Department of Justice
Washington, D.C.

    *Attorneys for the Plaintiff*

Steven Aarons
Santa Fe, New Mexico

    *Attorney for Defendant John Gould*

Michael V. Davis
Albuquerque, New Mexico

-- and --

Scott M. Davidson
Santa Fe, New Mexico

    *Attorneys for Defendant Violet Gould*